McMULLEN, NEIL C., Associate Judge.
This is an appeal by Plaintiff-Appellant from a Final Summary Decree dismissing a Complaint and granting affirmative relief prayed for in Defendants-Appellees’ Counterclaim. The parties are referred to in their capacities occupied below.
By Complaint filed May 3, 1961, City of Tarpon Springs sought to recover the balance of 799 lots still remaining in the name of Defendant, CARL E. KOCH, which lots were owned by the City in 1949, and in that year, without compliance with charter requirement of freeholder election to either buy or sell realty, deeded to Defendant CARL E. KOCH. Complaint further sought accounting for the price of some of these lots sold by Defendants, offering credit for purchase price, taxes or other items to which Defendants might be equitably entitled.
Defendants’ Answer admitted charter requirement and noncompliance therewith, defending by alleging lack of actual knowledge of the requirement on their part. Defendants counterclaimed, alleging City’s non-compliance with charter provision requiring freeholder election to authorize City’s purchase of the lots, Defendants’ payment of taxes, expenditures raising defense of laches and estoppel by deed. Crossclaim incorporated prayer that City’s grantors, Trustees of Internal Improvement Fund, be made parties and title quieted against them as well as against City.
Plaintiff City filed simultaneously, (1) Motion to Dismiss Counterclaim, (2) Motion to Strike Portions of Answer and Counterclaim, and (3) Answer to Counterclaim. The reply admitted no election was held prior to City’s purchase from the Trustees of the Internal Improvement Fund under the Murphy Act, plead lack of knowledge as to taxes paid, and took issue with other allegations.
Answer of Trustees of Internal Improvement Fund set out deed from them to City, alleged it was in good faith on their part, and sought' no relief.
Defendants filed Motion for Summary Judgment alleging no material issue of fact existed and they were entitled to Judgment as a matter of law. Affidavit with Motion alleged some advertising expense and payment of taxes to Plaintiff for eleven years.
Without ruling on Plaintiff’s Motions to Strike and Dismiss, the Court entered Summary Decree denying relief prayed by City, and quieting title to the property, as between the parties, in Defendants.
The only matter factually unresolved was an immaterial one, namely: the extent to which Defendants may have advertised their development project. The Board of Commissioners, in the Resolution authorizing the deed, makes reference to the Defendants’ intention to conduct some type of advertising that would inure to the benefit of the City, but nothing specific is shown as part of the agreement by which the Court can measure what was or was not to be done in this regard. Thus, since the advertising is not a consideration supporting the transaction, it is not a material issue and, consequently, not of concern here.
*765 The Resolution by Plaintiff’s Board of Commissioners, directing its officers to execute the deed, recited properties would be returned to the tax roll that had not been there for ten years; Defendants were paying back taxes on other properties in the City in addition to the purchase price of the lots; that a total of $50,000.00 in cash was being paid which would provide funds for needed municipal services that would not otherwise be available; Defendants promised to make certain advertisements that would be of benefit to the City and it would be incumbent upon them to do so since it would be to their advantage.
After execution of the deed, the Defendants sold some of the lots to third parties, improvements were made on these and during the intervening eleven years the Defendants have paid to Plaintiff some $24,-588.95 in taxes.
Several points are posed for consideration which resolve themselves down to the propriety of the Chancellor’s holding: (1) that the Plaintiff is estopped to deny its deed; and (2) that the title should be quieted in Defendants.
It would appear that the deed was void at its inception for failure of Plaintiff to comply with its charter requirements. 10 McQuillin, Municipal Corporations, 3rd Edition, 110. However, the law in this State is clear that when a governmental agency, operating in its proprietary capacity, executes a deed to real estate it is thereby subject to the rule of legal estoppel to later deny this deed. Daniell v. Sherrill, (Fla.1950) 48 So.2d 736, 23 A.L.R.2d 1410; Lobean v. Trustees of Internal Improvement Fund, Fla.App., 118 So.2d 226 (1st District); Trustees of Internal Improvement Fund v. Lobean, Fla., 127 So.2d 98. In the Daniell case, supra, the Supreme Court stated the principle very clearly:
“Applying the cited authorities, it is our holding that, regardless of the invalidity of the tax deeds, and the untruth of their recitals, the State of Florida, the grantor therein, is estopped to question the validity of such deeds and the truth of their recitals.”
Justice Drew, in a specially concurring opinion in the Lobean case when it appeared in the Supreme Court in Fla., 127 So.2d at page 104, states:
“But when the State is engaged in the business of selling land or operating beyond its governmental area, I can see no reason to exempt it from the same rules and regulations that the State itself imposes on its citizens. Under the circumstances presented by this record, a private citizen would have been es-topped. I can think of no reason why the State should' not be held to the same degree of conduct.”
In the Lobean cases, supra, the Circuit Court held no legal estoppel could be applied since the deed was void and that the facts did not justify an equitable estoppel. A former deed from the Trustees to Lobean was, therefore, disregarded and the Trustees were authorized to re-advertise the same land for sale to another party. When the case appeared in the District Court, reported in Fla.App., 118 So.2d 226, they confirmed the Chancellor’s finding that the deed was void and conveyed no title, but held the principle of legal estoppel applied as determined in the Daniell case, supra, and the trustees consequently could not repudiate their former deed by saying they had no authority to sell. They confirmed title in the Trustees’ grantee. In that case the District Court indicated that, aside from legal estoppel governing the facts, the payment of taxes for eleven years would have worked an equitable estoppel adequate to sustain title in the grantee. The payment of taxes was also mentioned as an element to be considered in order to work an equitable estoppel in the Daniell case, supra.
We feel that these decisions govern the facts before us and that the City of Tarpon Springs is legally estopped to repudiate *766 its former deed by denying its authority to sell.
Therefore, we hold that as between the parties the title should be quieted in Defendants and the lower Court is affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.